IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE JUAREZ,

    Plaintiff,

    v.                                                    No. 2:23-cv-00082-KWR-GBW

XTO ENERGY, INC.,
PRECISION DRILLING COMPANY, LP,
PRECISION DRILLING, LLC,
PRECISION DRILLING HOLDINGS COMPANY,
PRECISION DRILLING SERVICES, LLC,
PRECISION DRILLING OILFIELD SERVICES, LP

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand (Doc. 13), filed February 24, 2023. Having reviewed the pleadings and the relevant law, the Court finds that Plaintiff's Motion to Remand (Doc. 13) is **WELL-TAKEN**, and therefore, is **GRANTED.**

## BACKGROUND

This case arises out of a personal injury dispute. Plaintiffs filed a civil action against Defendants in the Fifth Judicial District Court, County of Eddy, New Mexico. Doc. 1 ¶ 13. On January 27, 2023, Defendants XTO Energy, Inc., Precision Drilling Company, LP, Precision Drilling, LLC, and Precision Drilling Holdings Company filed a Notice of Removal in the U.S. District Court for the District of New Mexico based on provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Doc. 1. Defendants Precision Drilling Services, LLC and Precision Drilling Oilfield Services, LP did not consent to the removal. Doc. 1. Plaintiff filed a Motion to Remand

alleging that the notice of removal is procedurally defective because Defendants failed to get the consent of all Defendants. Doc. 13.

## LEGAL STANDARD

According to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."

"[A]ll doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *see also Bonadeo v. Lujan*, No. 6:08-cv-0812 JB/ACT, 2009 WL 1324119 at *4 (D.N.M. Apr. 30, 2009) ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."). "[T]here are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The last-served rule provides that each defendant has a right to remove within thirty days of service. *See* 28 U.S.C. § 1446(b)(2)(B). Remand is required if all of the defendants fail to consent to the petition for removal within the thirty-day period. *See Bonadeo*, 2009 WL 1324119 at *6. "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172–73 (D.N.M.2007) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir.1981)). Consent is not required for "nominal, unknown, unserved or

fraudulently joined defendants." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997).

## DISCUSSION

Plaintiff argues that Defendants' petition for removal is procedurally defective because Defendants did not receive consent from Precision Drilling Oilfield Services, LP and Precision Drilling Service, LLC. Doc. 13 at 4. Defendants argues that they did not need consent from Precision Drilling Oilfield Services LP or Precision Drilling Services, LLC because neither were properly joined. Doc. 20 at 1-2; Doc. 21 at 2. The Court finds that Precision Drilling Services, LLC was properly joined and Defendants failed to receive consent. Therefore, the notice of removal was procedurally defective for lack of unanimity.

### I.     Defendants were not required to gain consent because Precision Drilling Oilfield Services LP was not served.

Plaintiff argues that even though Precision Drilling Oilfield Services, LP was not served, Precision Oilfield Services, LP was on notice because the principal company, Precision Drilling Company, LP had notice of the lawsuit. Doc. 13 at 5. Plaintiff argues that the corporate relationships is distinguishable and thus, Defendants should be required to receive consent. *Id.* Defendants argue that Precision Oilfield Services, LP was not properly served and consent was not necessary. Doc. 20 at 2; Doc. 21 at 2. The Court agrees with Defendants.

Courts generally refer to the requirement that all defendants served at the time of filing must join in the notice of removal as the "unanimity rule." *McShares, Inc.,* 979 F.Supp. at 1342 (citations omitted). The unanimity requirement, however, is not for "a defendant who has not yet been served with process is not required to join." *Brady,* 504 F.Supp.2d at 1173.

The Court "reject[s] [Plaintiff's] argument as contrary to the clear statutory language requiring only served defendants to consent to removal." *Sheldon v. Khanal,* 502 Fed.Appx. 765, 770 (10th Cir. 2012). Precision Oilfield Services, LP was not served, as Plaintiff admits, and therefore, Defendants were not required to gain Precision Oilfield Services, LP's consent.

**II.     Defendants failed to establish a fraudulent joinder.**

Plaintiff argues that Defendants failed to receive consent from Precision Drilling Services, LLC. Doc. 13 at 6. Defendants argue that Precision Drilling Services, LLC was fraudulently joined and consent is not required. Doc. 20 at 4; Doc. 21 at 4. The Court finds that Defendants have not met their heavy burden proving a fraudulent joinder. Because Precision Drilling Services, LLC was not fraudulently joined, Defendants' notice of removal was procedurally defective for lack of unanimity.

In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333. In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet and poses a standard "more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 at **1-2 (10th Cir. 2000); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). The Court must "determine whether [the plaintiff] has any

4

possibility of recovery against the party whose joinder is questioned." *Montano*, 211 F.3d 1278, at *1 (10th Cir. 2000).

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the party in state court. *Dutcher*, 733 F.3d at 988; *see also Montano,* 211 F.3d 1278, at **1-2, 4 (to prove fraudulent joinder, the removing party must demonstrate that there is "no possibility" that plaintiff would be able to establish a cause of action against the joined party in state court). The Court may look beyond the pleadings in determining whether a party was fraudulently joined. *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). However, an assertion of fraudulent joinder "does not mean that the federal court will pre-try...doubtful issues of fact to determine removability; the issue must be capable of summary determination and proven with complete certainty." *Smoot v. Chicago, R.I & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

Defendants did not submit evidence and instead, offer Plaintiff's exhibits to establish fraudulent joinder. Defendants argue that there is no possibility that Plaintiff could obtain a judgment against Precision Drilling Services, LLC because Precision Drilling Services, LLC was not on site at the time of the injury and is not related to Precision Drilling Company, LP. Doc. 20 at 5; Doc. 21 at 4-5. The Court is not convinced that Defendants have met their heavy burden in establishing a fraudulent joinder. The letter from Precision Drilling Services, LLC's office manager states that "Precision Drilling Services, LLC is not associated with any of the Precision Drilling companies that are listed in the summons" and that they "are not involved in any sort of well site drilling." Doc. 13-6 at 1, Exh. 6. Defendants seem to ask the Court to take this letter as factually accurate. However, the letter is not an affidavit, where a person has sworn that the

5

written statement is true to the best of that person's knowledge. The Court is not inclined to rely on an unsworn written statement as factually accurate from a Defendant with personal interest in the outcome of this legal proceeding. Furthermore, the Court does not know the extent of the office managers' knowledge of Precision Drilling Services, LLC's business affairs. It is also unclear, even taking the letter as truthful, whether Precision Drilling Services LLC only worked in New Mexico in November of 2020 or if it worked in New Mexico at different times or whether Precision Drilling Services LLC ever subcontracted for Precision Drilling Company, LP or another Defendant. *Id.*

Defendants further argues that the contract is between XTO Energy and Precision Drilling Company, LP, not Precision Drilling Services, LLC. Doc. 13-5, Exh. 5. However, as discussed, Precision Drilling Company, LP's subcontractors and subsidiaries are unknown to this Court. The Court finds that there are factual issues as it relates to Precision Drilling Services, LLC's involvement in this cause of action, and all factual and legal issues must be resolved in the Plaintiff's favor. Precision Drilling Services, LLC has a similar name to multiple Defendants, does business in New Mexico, and works in the oil and gas market. The Court finds that Defendants have failed to meet their heavy burden in establishing that there is "no possibility" that Plaintiff could establish a cause of action against Precision Drilling Services, LLC. *Montano*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000). Defendants failed to establish a fraudulent joinder. Therefore, the Court finds that Defendants needed consent from Precision Drilling Services, LLC. Because Defendants did not receive consent, the notice of removal was procedurally defective for lack of unanimity.

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the District Court **SHALL PROCEED** with the steps necessary to formally **REMAND** this matter back to the Eddy County District Court of the Fifth Judicial District of New Mexico.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**